UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

LEGACY RECOVERY SERVICES, LLC, ET AL.                CIV. ACTION NO. 3:23-00697

VERSUS                                               JUDGE VAN HOOK

CITY OF MONROE, ET AL.                               MAGISTRATE JUDGE MCCLUSKY

**MEMORANDUM ORDER**

Pending before the undersigned, on reference from the District Judge, is a second Motion to Compel [doc. #79] filed by Plaintiffs on July 22, 2026, shortly before a previously scheduled conference with the Court to discuss Plaintiffs' motion for referral to private mediation or for a settlement conference with the undersigned or another magistrate judge.   During that conference, however, the undersigned raised the instant motion, and discussion commenced.

Counsel agree that they had discussed certain dates Defendants' counsel had provided for the depositions of Defendants Friday Ellis, Douglas Harvey, and Kema Dawson.   Defendants' counsel understood that Plaintiffs' counsel would further communicate the date he was selecting prior to noticing the depositions.   Instead, Plaintiffs' counsel selected one of the dates and noticed the depositions to commence on July 31, 2026, at 8:30 a.m.   While that conduct was not improper, unfortunately, in the meantime, Defendants' counsel was scheduled for a medical appointment on July 30, 2026, in Houston, Texas, which may well prevent him from attending depositions the following day.   Although he has co-counsel, she was also scheduled for other depositions that same day.   This matter was not resolved among counsel by July 22, 2026, so Plaintiffs' counsel filed the instant motion before the conference.

With a fast-approaching trial date of February 1, 2027, the undersigned undertook resolution

of this motion with the cooperation of counsel.   At the Court's request, Defendants' counsel agreed to waive his right to file an opposition to Plaintiffs' second Motion to Compel, although he does not agree with some of Plaintiffs' assertions in the motion.   Following the first conference, counsel conferred amongst themselves, and the Court then held a second status conference the same day. Counsel then conferred further the following day, Thursday, July 23, 2026.   Finally, at the Court's request, they provided their summary of their conferences via email to the undersigned with those summaries copied to opposing counsel.

Under Federal Rule of Civil Procedure 30, a party may, by oral questions, depose any person, including another party, but must provide reasonable written notice to every other party.   FED. R. CIV. P. 30(a) &(b)(1).   The notice must state the time and place of the deposition, and if known, the deponent's name and address.   FED. R. CIV. P. 30(b)(1).   While Rule 30(b)(1) does not define "reasonable written notice," courts within the Fifth Circuit have held that at least ten calendar days is normally required.  *Duhaly v. Cincinnati Ins. Co.*, 2019 WL 3202307, at *1 (S.D. Tex. July 16, 2019) (collecting cases).

Generally, Rule 37(a) governs motions to compel discovery.  *See* FED. R. CIV. P. 37(a); *MetroPCS v. Thomas*, 327 F.R.D. 600, 611 (N.D. Tex. 2018).   However,

> Rule 37(a) does not, by its terms, address a motion to compel a party or non-party to appear for a deposition. The only recourse expressly provided under the Federal Rules for a party seeking another party's deposition is to properly notice the deposition and file a motion under Federal Rule of Civil Procedure 37(d)(1)(A) if and when the deponent fails to appear.

*MetroPCS*, 327 F.R.D. at 611 (citation omitted).

Here, Plaintiffs' counsel noticed the depositions, but the three Defendants, Ellis, Harvey, and Dawson, have not yet failed to appear.   "[B]ecause Rule 37(a) does not authorize a motion to prospectively compel a non-party (or, for that matter, a party) to appear for a deposition, and because

[the deponent] did not appear and fail to answer a question asked under Rule 30, there are no grounds for a motion under Rule 37(a) . . ."  *MetroPCS*, 327 F.R.D. at 614.

In this regard, the Court could simply deny the motion as premature.   However, that serves neither the parties' nor the Court's interest in moving discovery in this case forward.   The Court appreciates both counsel's willingness to come to some agreement.   As a result of their separate conferences, the parties have agreed to hold the depositions on August 24, 2026, at 8:30 a.m. Defendants' counsel has also agreed in the Rule 37 conference to search for and produce responsive documents to Plaintiffs' counsel pursuant to the notices previously issued as promptly as reasonably possible.   Plaintiffs' counsel wishes to have all documents produced no later than seven (7) days before the scheduled depositions, or by August 17, 2026.   Defendants' counsel will provide an initial status update no later than Wednesday, July 29, 2026, as to when he anticipates the documents can be produced.

While the Court is aware of the remaining discovery issues raised by Plaintiffs' counsel, those issues are not addressed in this Memorandum Order, nor does this Memorandum Order address the pending production of documents for the noticed depositions.   Instead, after review of the applicable case law, for consistency in the undersigned's rulings, and considering the agreements of counsel,

IT IS ORDERED that the Motion to Compel, including the request for attorneys' fees and costs, is DENIED.[1]   However,

---

[1] During the conference, the undersigned indicated that the Motion to Compel would be granted in part and denied in part, in that the depositions would be ordered to proceed, but that attorneys' fees and costs would not be awarded. However, after a review of the case law, that would be improper and inconsistent with my prior rulings.   This Memorandum Order achieves the same result.

IT IS FURTHER ORDERED that the depositions of Mayor Ellis, Councilman Harvey, and former Councilwoman Dawson be held, in that order, on August 24, 2026, commencing at 8:30 a.m.

In Chambers, at Monroe, Louisiana, on this 24th day of July, 2026.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE