**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| LEGACY RECOVERY SERVICES, LLC, ET AL. | CIVIL ACTION NO. 23-0697 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| CITY OF MONROE, ET AL. | MAGISTRATE JUDGE HORNSBY |

# MEMORANDUM RULING

The plaintiffs, Legacy Recovery Services, LLC ("Legacy") and its individual owners, have appealed the Magistrate Judge's denial of their motion to amend the complaint. Record Document 106. For the following reasons, the appeal is **DENIED**.

Federal Rule of Civil Procedure 72 allows a party to appeal a non-dispositive order of the magistrate judge and requires the district court to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The standard of review applicable to an appeal of a magistrate judge's order on a non-dispositive issue is extremely deferential." *Drabovskiy v. Young*, No. 09-397, 2009 WL 3925315, at *1 (W.D. La. Nov. 18, 2009). "An order is clearly erroneous if the court is left with the definite and firm conviction that a mistake has been committed." *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015).

To start, Legacy argued that the denial of its motion to amend was erroneous because the Magistrate Judge did not consider Federal Rule of Civil Procedure 15(d). Record Document 106 at 6. Even though a specific reference to Rule 15(d) did not

appear in the Magistrate Judge's analysis, *see generally* Record Document 103, application of Rule 15(d) does not change the result. "Rule 15(d) is clear that the court *may* permit a supplemental pleading…." *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998). However, denial of a motion to supplement is proper when "granting leave to supplement would delay the disposition of the claims against [non-movants], thereby causing them prejudice." *Haralson v. Campuzano*, 356 F. App'x 692, 699 (5th Cir. 2009).

Here, the Magistrate Judge considered Legacy's proposed amendment and found that it would be "unfairly prejudicial to the defendants" under Federal Rule of Civil Procedure 15(a). That finding of prejudice applies with equal force to and supports the denial of leave under Rule 15(d). *See Burns*, 158 F.3d at 343 ("While the text of Rule 15(a) provides that leave should be freely granted, the text of Rule 15(d) does not similarly provide."); *see also First Guar. Bank v. First Bank & Tr. Co.*, No. 26-1229, 2026 WL 3150710, at *2 (E.D. La. Oct. 21, 2026) ("While Rule 15(a) and Rule 15(d) motions are distinct, the Fifth Circuit has indicated that the same factors that are considered under a Rule 15(a) analysis control a Rule 15(d) analysis."). Legacy's proposed amendment, therefore, fares no better under Federal Rule of Civil Procedure 15(d).

In the alternative, Legacy asserted that the Magistrate Judge erred in his application of Federal Rule of Civil Procedure 15(a). Record Document 106 at 6-11. The Court is not persuaded. As the Magistrate Judge found, a proposed amendment may be denied when it "would fundamentally alter the nature of the case." *Mayeaux*

*v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). For example, in *North Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Insurance Co.*, the Fifth Circuit affirmed the denial of a motion to amend where the plaintiff "filed its motion two years after the case began, four months before dispositive motions were due, and seven months before the close of discovery." 898 F.3d 461, 480 (5th Cir. 2018).

So too here. Legacy unduly delayed in bringing its proposed amendment and that amendment would fundamentally alter this litigation and would substantially prejudice the defendants. Legacy did not file its motion to amend until two years after many of its claims were dismissed with prejudice. Record Documents 36, 61. Although Legacy attempted interlocutory appeals in the meantime, Legacy still waited more than a year after the denial of its petition for a writ of certiorari to file the motion to amend. Record Documents 50, 61.

Moreover, as the Magistrate Judge discussed at length, the proposed amendment would prejudice the defendants because it sought to revive dead claims and create new ones. The original lawsuit concerned the failed sale of one property, but the amended complaint added "claims by new plaintiffs related to zoning disputes that relate to their two different facilities, with the disputes going back several years in some instances." Record Document 103 at 8. In other words, the amendment "would essentially begin this case anew with additional plaintiffs, attempted resurrection of claims already dismissed, and the addition of new claims based on a city ordinance enacted in 2025." *Id.* at 4.

For these reasons, the Magistrate Judge's denial of leave to amend was neither clearly erroneous nor contrary to law. Legacy unduly delayed in seeking leave, and its proposed amendment would fundamentally alter the nature of this case and prejudice the defendants. That prejudice supports denial under both Federal Rules of Civil Procedure 15(a) and 15(d). Accordingly, the plaintiffs' appeal is **DENIED**. An order consistent with the terms of this memorandum ruling shall issue herewith.

**DONE AND SIGNED** at Shreveport, Louisiana, this 16th day of November, 2026.

Alex C. Van Hook

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE